**E-Filed 5/5/09**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE SANMINA-SCI CORP. DERIVATIVE LITIGATION | Case Number C 06-3783 JF (RS) |
| This Document Relates To:<br><br>All Actions | **ORDER GRANTING FINAL APPROVAL OF DERIVATIVE LITIGATION SETTLEMENT**<br><br>Re: Docket No. 124 |

Plaintiffs move for final approval of a settlement of this action and for an award of attorneys' fees and expenses. The terms of the settlement are set forth in the Stipulation of Settlement dated February 26, 2009 ("Settlement"). For the reasons discussed below, the motions will be granted and judgment entered accordingly.

**I. BACKGROUND**

On and after June 15, 2006, lead plaintiff William Hergotz filed the first shareholder derivative action in this Court. Thereafter, several other similar shareholder derivative actions were filed in this Court. On August 31, 2006, the Court consolidated all of the derivative actions under the caption *In re Sanmina-SCI Corp. Derivative Litigation*, Master File No. C-06-03783 JF

(RS) ("Federal Derivative Action").  On August 31, 2006, the Court appointed Alaska Electrical Pension Fund and William Hergotz as Lead Plaintiffs, and Barroway Topaz Kessler Meltzer & Check, LLP and Coughlin Stoia Geller Rudman & Robbins LLP as Lead Counsel in the Federal Derivative Action.

On September 25, 2006, the first of three actions now consolidated as *In re Sanmina-SCI Corp. Derivative Litigation*, Lead Case No. 1:06-SV-0171786 ("State Derivative Action") was filed in the Superior Court of the State of California, County of Santa Clara.  The State Court consolidated the actions on February 13, 2007.

The Federal Derivative Action and the State Derivative Action (the "Actions") each allege claims on behalf of Sanmina-SCI Corp. ("Sanmina") against certain current and former officers and directors of Sanmina, arising from or relating to the granting of stock options at Sanmina beginning in 1996.  The Actions sought, inter alia, the return of any unjust enrichment or special benefits received by the individual defendants as well as the implementation of certain corporate governance reforms.  On August 8, 2006, Sanmina's Board of Directors ("Board") formed a Special Litigation Committee ("SLC") to manage and conduct litigation and settlement related to Sanmina's past option granting practices.

In March 2007, counsel for Plaintiffs and nominal defendant Sanmina began a dialogue regarding the possible resolution of the Actions, and the parties agreed to pursue a mediation before Judge Edward A. Infante (Ret.).  The parties attended four mediation sessions with Judge Infante.  After the conclusion of the last mediation session, counsel for the Lead Plaintiffs in the Federal Derivative Action, the plaintiffs in the State Derivative Action, the defendants, and the SLC executed a Memorandum of Understanding in January 2009.

On February 27, 2009, the Court granted preliminary approval to the Settlement.  *See* Order Granting Preliminary Approval of Settlement, Dkt. No. 120.  On March 6, 2009, a Notice of Settlement ("Notice") was published in a press release located at Sanmina's website and filed on a Form 8-K with the U.S. Securities and Exchange Commission.   No objection was filed prior to the April 17, 2009 deadline imposed by the Preliminary Approval Order.  *See* Pl.'s Mot. For Final Approval, at 15:12-19.

1    Under the Stipulation, Sanmina will receive a financial recovery of $16.5 million,
including cash payments from certain Individual Defendants and the repricing and cancellation of
over 5.6 million vested stock options.  *See* Stipulation ¶ 2.2.  In addition to the monetary
recovery, Sanmina will adopt and implement several significant corporate governance reforms,
including: 1) changes to Sanmina's stock option granting practices and procedures; 2) the
requirement that Sanmina's Compensation Committee contain at least one member who is a
"compensation expert," and restricting service on the Compensation Committee to no more than
five (5) consecutive years; 3) the requirement that at least 70% of the directors are considered
independent thereby reducing the likelihood that Sanmina executives will engage in other forms
of accounting manipulation; 4) the establishment of a formal Board schedule, which will create a
"professional board" and increased Board performance; 5) the creation of a plan to expand the
scope of the internal audit function, which will provide greater oversight of the Company's
compliance programs and monitoring of such programs; 6) the effective elimination of
unanimous written consents; and 7) the establishment of Board committee requirements.  *See*
Stipulation ¶ 2.3.  Finally, Sanmina agrees to pay $4 million in attorneys' fees and expenses
("Fees and Expenses Award") to Plaintiffs' counsel.

## II. FINDINGS WITH RESPECT TO THE PROPOSED SETTLEMENT

The Court must determine whether the Settlement is "fundamentally fair, adequate and
reasonable."  *See* Fed. R. Civ. P. 23(e); *Mego Financial Corp. Sec.* Litig., 213 F.3d 454, 459 (9th
Cir. 2000); *Officers for Justice v. Civil Service Commission*, 688 F.2d 615, 625 (9th Cir. 1982).
"Assessing a settlement proposal requires a district court to balance a number of factors,
including: the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of
further litigation; the risk of maintaining a class action throughout the trial; the amount offered in
settlement; the extent of discovery completed and the stage of the proceedings; the experience
and views of counsel; . . . and the reaction of the class members to the proposed settlement."
*Mego Financial*, 213 F.3d at 458.  The district court also must satisfy itself that the settlement is
not the product of collusion among the negotiating parties.  *Id*.

In the instant case, the parties have negotiated the Settlement through counsel and at

3

1  arm's length after lengthy discussions, with substantial assistance from Judge Infante.  In
2  addition to the financial recovery, the Settlement also provides long term remedial measures that
3  are specifically designed to protect the shareholders.  As Richard Bennett[1] concluded, "the
4  corporate governance provisions for the settlement of the Sanmina Derivative Action are an
5  improvement to the overall corporate governance structure at Sanmina and will provide a
6  substantial benefit to Sanmina and its shareholders."  Bennett Decl. ¶28.

7  "[T]he reaction of the class to the proffered settlement[,] [which] is perhaps the most
8  significant factor to be weighed in considering its adequacy," *In re SmithKline Beckman Corp.*
9  *Sec. Litig.*, 751 F. Supp. 525, 530 (E.D. Pa. 199), also weighs in favor of approval.  The Notice
10 was published on March 6, 2009, and no objections to the settlement terms were filed.  *See* Pl.'s
11 Mot. For Final Approval, at 15:8-15.

12 The alternative to the proposed Settlement Agreement is continued litigation, with its
13 considerable risk, uncertainty, and expense.  Although Plaintiffs believed that the claims asserted
14 in the consolidated action were meritorious, there are several plausible defenses that the
15 Individual Defendants might have raised had the litigation continued.  *See* Pl.'s Mot. For Final
16 Approval, at 10-11 (noting potentially applicable defenses).  Liability was by no means a
17 foregone conclusion.  Given the benefits to Sanmina and the lack of objections, the Court finds
18 the Settlement to be fair, adequate, reasonable, and a sound alternative to continued litigation.

### III. AWARD OF ATTORNEYS' FEES AND EXPENSES

20 Under the terms of the Settlement, $4 million total fees will be paid to Plaintiffs' counsels
21 in the  Federal and State actions.  The Ninth Circuit has held that an award of twenty-five percent
22 represents a reasonable "benchmark" amount for attorneys' fees.  *See Paul, Johnson, Alston &*
23 *Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989).  In the instant case,  Sanmina will receive a
24 financial benefit of $16.5 million and a twenty-five percent award would equal $4.15 million.

---

[1] Richard Bennett is the President and Chief Executive Officer, as well as a founder, of The Corporate Library and a former consultant with Lens Governance Advisors, PA, organizations that specialize in the field of analyzing and improving corporate governance of U.S. public companies.  Bennett Decl. ¶ 1.

The Court also notes that the proposed fee award is the product of arm's-length negotiation, oversaw by Judge Infante, between counsel highly experience in shareholder derivative actions and agreed upon only after the other terms of the Settlement were negotiated. *See* Pl.'s Mot. For Final Approval, at 15-16. Accordingly, the Court finds that the $4 million fee award agreed upon by the parties is reasonable and accordingly will grant the award.

## IV.  ORDER

Finding that the Settlement is fair, reasonable, and in the best interests of Sanmina and its shareholders, the Court will grant final settlement approval and the requested fees award, and will sign the parties' proposed settlement order, filed concurrently with this Order.

**IT IS SO ORDERED.**

DATED: 5/4/09

_____
JEREMY FOGEL
United States District Judge

Case No. CV 06-3783 JF (RS)
ORDER GRANTING FINAL APPROVAL OF SETTLEMENT
(JFEX1)

1  This Order was served on the following persons:

2  Betsy Carol Manifold    manifold@whafh.com

3  Eric L. Zagar    ezagar@sbtklaw.com, der_filings@sbtklaw.com, kpopovich@sbtklaw.com, rwinchester@sbtklaw.com

4

5  Michael L. Charlson    mlcharlson@hhlaw.com, dmsalvi@hhlaw.com, kwong@hhlaw.com, lasoboleva@hhlaw.com, mdewers@hhlaw.com, mjclouse@hhlaw.com

6  Nicole Marie Ryan    nicole.ryan@sidley.com, bill.henn@sidley.com

7  Norman J. Blears    njblears@hhlaw.com, dmsalvi@hhlaw.com, kelder@hhlaw.com, kwong@hhlaw.com, lasoboleva@hhlaw.com, laweiss@hhlaw.com, mjclouse@hhlaw.com, rbuehler@hhlaw.com

8

9  Robert S. Green    CAND.USCOURTS@CLASSCOUNSEL.COM

10  Shawn A. Williams    shawnw@csgrr.com, aelishb@csgrr.com, cwood@csgrr.com, e_file_sd@csgrr.com, e_file_sf@csgrr.com, jdecena@csgrr.com, travisd@csgrr.com

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6

Case No. CV 06-3783 JF (RS)
ORDER GRANTING FINAL APPROVAL OF SETTLEMENT
(JFEX1)