1  BARROWAY TOPAZ KESSLER
     MELTZER & CHECK, LLP
2  Eric L. Zagar (Bar No. 250519)
   Robin Winchester
3  James H. Miller
   280 King of Prussia Road
4  Radnor, PA 19087
   Telephone: (610) 667-7706
5  Facsimile: (267) 948-2512
   ezagar@btkmc.com
6  rwinchester@btkmc.com
   jmiller@btkmc.com
7
   COUGHLIN STOIA GELLER                    COUGHLIN STOIA GELLER
8    RUDMAN & ROBBINS, LLP                    RUDMAN & ROBBINS, LLP
   Shawn A. Williams (Bar No. 213113)       Travis E. Downs III (Bar No. 148274)
9  Aelish M. Baig (201279)                  Jeffrey D. Light (159515)
   Christopher M. Wood (254908)             Benny C. Goodman, III (211302)
10 100 Pine Street, Suite 2600              655 West Broadway, Suite 1900
   San Francisco, CA 94111                  San Diego, CA 92101
11 Telephone: (415) 288-4545                Telephone: (619) 231-1058
   Facsimile: (415) 299-4534                Facsimile: (619) 231-7423
12 shawnw@csgrr.com                         travisd@csgrr.com
   abaig@csgrr.com                          jeffl@csgrr.com
13 cwood@csgrr.com                          bennyg@csgrr.com

14 *Counsel for Federal Plaintiffs*

**E-Filed 5/5/09**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| IN RE SANMINA-SCI CORP. DERIVATIVE LITIGATION<br><br>This Document Relates to:<br>All Actions | Master Case No.: C-06-03783-JF<br><br>[~~PROPOSED~~] ORDER AND FINAL JUDGMENT |

This matter came before the Court for hearing pursuant to the Order of this Court, dated February 27, 2009 ("Order"), on the application of the parties for approval of the proposed settlement ("Settlement") set forth in the Stipulation of Settlement dated February 26, 2009, and the Exhibits thereto (the "Stipulation").

The Court has reviewed and considered all documents, evidence, objections (if any) and arguments presented in support of or against the Settlement; the Court being fully advised of the premises and good cause appearing therefore, the Court enters this Order and Final Judgment.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.  This Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation.

2.  This Court has jurisdiction over the subject matter of the Federal Derivative Action, including all matters necessary to effectuate the Settlement, and over all Settling Parties.

3.  The Court finds that the Notice provided to Sanmina stockholders fully satisfied the requirements of Federal Rule of Civil Procedure 23.1 and the requirements of due process.

4.  The Court finds that, during the course of the litigation of the Actions, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11 and all other similar laws, including California Code of Civil Procedure §128.7.

5.  The Court finds that the terms of the Stipulation and Settlement are fair, reasonable and adequate as to each of the Settling Parties, and hereby finally approves the Stipulation and Settlement in all respects, and orders the Settling Parties to perform its terms to the extent the Settling Parties have not already done so.

6.  The Federal Derivative Action and all claims contained therein, as well as all of the Released Claims, are hereby dismissed with prejudice. The Settling Parties are to bear their own costs, except as otherwise provided in the Stipulation.

7.  Upon the Effective Date, as defined in the Stipulation, Sanmina, Plaintiffs (acting derivatively on behalf of Sanmina), and each of the Current Sanmina Stockholders (solely in their capacity as Sanmina stockholders) shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged the Released Claims against

the Released Persons and any and all claims (including Unknown Claims) arising out of, relating to, or in connection with the defense, settlement or resolution of the Actions against the Released Persons.

8.   Upon the Effective Date, as defined in the Stipulation, each of the Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged each and all of the Plaintiffs and Plaintiffs' Counsel from all claims (including Unknown Claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement or resolution of the Actions or the Released Claims.

9.   Nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of the Stipulation.

10.   The Court hereby approves the Fee and Expense Award in accordance with the Stipulation and finds that such fee is fair and reasonable.

11.   Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be offered, attempted to be offered or used in any way by the Settling Parties or any other Person as a presumption, a concession or an admission of, or evidence of, any fault, wrongdoing or liability of the Settling Parties; or of the validity of any Released Claims; or (b) is intended by the Settling Parties to be offered or received as evidence or used by any other person in any other actions or proceedings, whether civil, criminal or administrative.  The Released Persons may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, standing, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim; and any of the Settling Parties may file the Stipulation and documents executed pursuant and in furtherance thereto in any action to enforce the Settlement.

12.   Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction with respect to implementation and enforcement of the terms of the Stipulation.

13. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, this Judgment shall be vacated, and all Orders entered and releases delivered in connection with the Stipulation and this Order and Final Judgment shall be null and void, except as otherwise provided for in the Stipulation.

14. This Judgment is a final, appealable judgment and should be entered forthwith by the Clerk in accordance with Federal Rule of Civil Procedure 58.

IT IS SO ORDERED.

DATED: 5/4/09

THE HONORABLE JEREMY FOGEL
UNITED STATES DISTRICT JUDGE